OPINION OF THE COURT
Pam B. Jackman-Brown, J.
*348 The respondents move for summary judgment and to dismiss the petition with prejudice pursuant to CPLR 3212. The petitioner opposes the motion and cross moves for summary judgment pursuant to CPLR 3212. Both motions seek the relief on the basis that there are no issues of fact to be determined at trial.
The respondents occupy the subject premises which is classified as a single room occupancy (hereinafter SRO). On or about July 7, 2005, the petitioner served a seven-day notice of termination alleging that the respondents’ tenancy is terminated pursuant to Rent Stabilization Code (hereinafter RSC) (9 NYCRR) § 2524.3 (c). Specifically, in paragraph 3, petitioner claims that “a child under the age of 16 is in occupancy of the subject premises” and the notice, in paragraph 2, further states that “pursuant to law, no resident of a single room occupancy unit may he younger than sixteen (16) years of age.”
RSC § 2524.3 states that a landlord may bring a termination proceeding without the approval of the Division of Housing and Community Renewal on the grounds set forth in its subdivisions. Subdivision (c) states, in relevant part, that if the occupancy is illegal and the owner is subject to a civil or criminal penalty or if the occupancy is in violation of contracts with governmental agencies, a termination proceeding may be maintained. Absent a showing of an actual violation or that the occupancy is subject to civil or criminal penalties, there is no basis for the commencement of this termination proceeding. (See, 338 W. 17th St. Assoc. v Katehis, NYLJ, Oct. 5, 1994, at 21, col 1; see also, cf., Scherer, Residential Landlord-Tenant Law in New York § 8:153; 210 W. 94 LLC v Lourdes Concepcion, 2003 NY Slip Op 50612[U] [App Term, 1st Dept 2003].) Nowhere in RSC § 2524.3 does it state that a child under the age of 16 is illegal in a SRO apartment. Assuming that illegal occupancy refers to a child under the age of 16, which this court does not find, the petitioner has to also show in the termination notice that the owner is subject to civil or criminal penalty. The notice is devoid of such showing.
Housing Maintenance Code (Administrative Code of City of NY § 27-2001 et seq.; hereinafter HMC) § 27-2076 (b), which is not mentioned in the termination notice, states in pertinent part that:
“No rooming unit shall be occupied by a family with a child under the age of sixteen years, except that if a child is born to a family residing in such accom *349 modations, the unlawful occupancy shall not commence until one year after the birth of such child. In any case where such an unlawful occupancy continues for ten days after the service of a notice of violation upon both the tenant and owner, the department may, in addition to all other remedies, institute a proceeding . . . .”
Assuming that the term “Pursuant to Law” in paragraph 2 of the termination notice refers to the Housing Maintenance Code, there is no evidence that a violation was issued to the owner and the tenants by any department. There are no facts of when or how the child came into the apartment. There is no appropriate evidence either in the termination notice or in the petitioners’ moving papers that the HMC was violated. (See, 338 W. 17th St. Assoc. v Katehis, NYLJ, Oct. 5, 1994, supra.) The termination notice merely tracked the language of the statute without stating specific facts upon which the occupancy is illegal. (See Valrose Realty Co. v Dewinger, NYLJ, Feb. 7, 1990, at 23, col 3 [Civ Ct, NY County].) Merely stating that a child under the age of 16 is in the subject premises is insufficient under HMC § 27-2076 (b).
In order to defeat a motion for summary judgment, the opponent must set forth sufficient evidentiary facts. Mere conclusions are insufficient. The respondents stated in their motion that the managing agent has never met them or visited their apartment. The affidavit from the managing agent stated that she observed on “numerous occasions that there are (2) two children residing in the apartment, both of whom are under the age of 5 years.” No evidentiary facts were stated to indicate under what circumstances or where the managing agent saw the two children and for what period of time. In addition, nowhere in the affidavit did the agent state that a violation was issued for the children being in the subject premises.
Based on all of the above, the court finds that the petitioner has failed to set forth the applicable law and facts in the termination notice upon which this proceeding is based. In addition, the petitioner has failed to set forth sufficient evidentiary proof to oppose the respondents’ motion and support its own motion for summary judgment.
Therefore, the respondents’ motion for summary judgment and for dismissal of the petition is granted. The dismissal is without prejudice.
The petitioner’s motion for summary judgment is denied.